Allison C. Eckstrom, CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
Christian J. Keeney, CA Bar No. 269533
christian.keeney@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant
G2 SECURE STAFF, L.L.C.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA L. MARSHALL, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>G2 SECURE STAFF, L.L.C., a Texas limited liability company; and does 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT G2 SECURE STAFF, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1453**<br><br>**[CAFA JURISDICTION]**<br><br><br>Action Filed:   April 3, 2014<br>Trial Date:       None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant G2 Secure Staff, L.L.C. ("Defendant" or "G2") hereby petitions this Court to remove this action from the Superior Court of the State of California for the County of Los Angeles ("Superior Court") to the United States District Court for the Central District of California ("District Court") pursuant to the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. §§ 1332(d) and 1453.  Removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because: (1) Plaintiff Debra L. Marshall ("Plaintiff") and at least one member

of the putative class, on the one hand, and G2, on the other hand, are citizens of different states; (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) the proposed class (including all subclasses) includes over 100 members.

## I. THE STATE COURT ACTION

1. On April 3, 2014, Plaintiff filed an action against G2, entitled "DEBRA L. MARSHALL, on behalf of herself and all others similarly situated, Plaintiffs, v. G2 SECURE STAFF, L.L.C., a Texas limited liability company; and DOES 1 through 100, Inclusive, Defendants" in Los Angeles County Superior Court, Case Number BC541579. A true and correct copy of the Summons and Complaint is attached as **"Exhibit A."**

2. On or about May 5, 2014, Plaintiff served Defendant with a copy of the Complaint, Notice of Case Assignment, and Voluntary Efficient Litigation Stipulations. True and correct copies of the Notice of Case Assignment and Voluntary Efficient Litigation Stipulations are attached as **"Exhibit B."**

3. On or about June 2, 2014, G2 timely filed and served its Answer ("Answer") to the Complaint in Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached as **"Exhibit C."**

## II. REMOVAL IS TIMELY

4. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

5. As set forth in paragraphs 1 and 2, service of the Summons and Complaint was effective on May 5, 2014. Because Defendant filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

## III. REMOVAL IS PROPER UNDER CAFA

6. <u>CAFA Jurisdiction</u>. On February 18, 2005, the Class Action Fairness Act of 2005 was enacted by Congress. In relevant part, CAFA grants United States district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions in accordance with 28 U.S.C. Section 1446.

7. This Court has original jurisdiction over this case under 28 U.S.C. section 1332(d) of the Act, in that it is a civil action filed as a class action wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the putative class of plaintiffs is a citizen of a state different from Defendant.

8. <u>Diversity of the parties</u>. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a); *Rodgers v. Central Locating Service, Ltd.*, 2006 U.S. Dist. LEXIS 6255, *7-*8. The "diversity" element is satisfied here because, as explained below, Plaintiff is a citizen of California (Compl. ¶ 9), at least one putative class member is a citizen of California, and Defendant is a citizen of Texas. *See* the Declaration of Julie Gostic ("Gostic Decl."), ¶ 3.

9. G2 is a limited liability company formed under the laws of the State of Texas. Gostic Decl., ¶ 3. Indeed, Plaintiff's Complaint, on its face, expressly alleges that G2 is a Texas limited liability company. (Complaint, ¶ 10.)

10. For removal purposes, a limited liability company is a citizen of all

states where its members/owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11. When Plaintiff filed the Complaint, and continuing through the present, Defendant's only owners/members, Dan Norman, John Graham, Linda Hill, and Roger Zebroski, were and are citizens of the State of Texas. *See* the Gostic Decl., ¶ 3. Accordingly, Defendant is a citizen of the State of Texas.

12. G2's employment records reflect that at least one member, if not all, of the putative class resides in the State of California. Specifically, G2's records reflect that the currently-employed putative class members reside in the State of California. (Gostic Decl., ¶ 4.)

13. Based upon the foregoing, the CAFA diversity requirement is established because (a) Plaintiff is a citizen of California, (b) at least one member of the putative class is a citizen of California, (c) G2 is a citizen of the State of Texas, and (d) no exceptions to the CAFA diversity requirement apply to this action. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

14. <u>Number of putative class members</u>**.** The second element required for a class action to be removable under CAFA is that the putative class (including all subclasses) must include over 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff purports to bring this action on behalf of herself and the following five subclasses of individuals:

(a) <u>Meal Period Class</u>: "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 5 hours or more."

(b) <u>Rest Period Class</u>: "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is

provided to the class, who worked shifts of 4 hours or more."

(c) <u>Non-Exempt Employee Class</u>: "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."

(d) <u>Wage Statement Class</u>: "All current and former employees of Defendants within the State of California at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, [who] were provided with wage statements."

(e) <u>Late Pay Class</u>: "All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment."

15. The total number of current and former non-exempt employees of Defendant in the State of California in the four (4) years preceding the filing of Plaintiff's Complaint through May 22, 2014, a number which is inclusive of each of the subclasses described above, is **2,594 employees**. *See* Gostic Decl., ¶5. Accordingly, the putative class far exceeds 100 members.

16. <u>The Amount in Controversy</u>. The third element required for a class action to be removable under CAFA is that the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

17. Plaintiff's complaint alleges seven (7) causes of action, including claims for (a) the alleged failure to pay overtime and minimum wages due to unlawful rounding practices, (b) the alleged failure to provide meal and/or rest periods in accordance with California law, (c) the alleged failure to pay all wages upon termination, (d) the alleged failure to provide accurate, itemized wage statements,

and (e) a derivative claim for violation of California's Unfair Competition Law (UCL).

18. The following putative class member ("PCM") data is relevant to determining the amount in controversy for purposes of removal under CAFA (*see* Gostic Decl., ¶¶ 4-7):

| | |
|---|---|
| Total number of PCMs during 4-year statutory period | **2,594** |
| Total number of PCMs during 1-year statutory period | **2,031** |
| Total number of PCMs terminated during 3-year statutory period | **895** |
| Total workweeks worked by PCMs during 4-year statutory period | **185,932** |
| Total number of wage statements issued to PCMs during 1-year statutory period | **33,575** |
| Average hourly rate of pay during 4-year statutory period | **$11.10** |
| Average hourly rate of pay during 3-year statutory period for terminated PCMs | **$9.73** |

19. As explained below, Plaintiff's claims for meal and/or rest period violations, wage statement violations, and waiting-time penalties, ***alone***, exceed the requisite $5,000,000 amount in controversy for CAFA jurisdiction.[1]

20. <u>Meal and rest period liability</u>: Plaintiff's Complaint alleges that for "at

---

[1] In the context of this Notice of Removal, Defendant addresses the allegations in Plaintiff's Complaint as if they are true solely for purposes of establishing that the amount in controversy is sufficient to invoke this Court's jurisdiction. Defendant, however, does not admit any specific factual or legal contentions made by Plaintiff, or that Plaintiff is entitled to any recovery whatsoever.

1 least four (4) years prior to the filing of this action and continuing to the present
2 Defendants have had a consistent policy of failing to provide Plaintiff and other
3 similarly situated employees or former employees in the State of California a thirty
4 (30) minute uninterrupted meal periods for day on which the employees worked
5 more than five (5) hours in a workday and a second thirty (30) minute uninterrupted
6 meal periods for days on which the employees worked in excess of ten (10) hours in
7 a work day, and failing to provide compensation for such unprovided meal periods as
8 required by California wage and hour laws." (Compl. ¶ 3; *see also id.* at ¶ 40.)

9      21.    Plaintiff's Complaint similarly alleges that for "at least for [*sic*] (4)
10 years prior to the filing of this action and continuing to the present, Defendants have
11 had a consistent policy of failing to provide Plaintiff and similarly situated
12 employees or former employees within the State of California rest periods of at least
13 ten (10) minutes per four (4) hours worked or major fraction thereof and failing to
14 provide compensation for such unprovided rest periods as required by California
15 wage and hour laws." (Compl. ¶ 4; *see also id.* at ¶ 47.)

16      22.    Under California law, employees who miss a meal or rest period are
17 entitled to one (1) hour of "premium pay" at their regular hourly rate for each day
18 that a meal or rest period is missed. *See United Parcel Service, Inc. v. Super. Ct.*,
19 192 Cal.App.4th 1425 (2011). The premium pay allegedly owed for missed meal
20 and/or rest periods is properly considered in determining the amount in controversy.
21 *See*, *e.g.*, *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, at *8 (N.D. Cal. May
22 7, 2008); *Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1,
23 2007).

24      23.    A four (4)-year statutory period applies to Plaintiff's class action claims
25 for meal/rest period premiums because the Complaint pleads a derivative UCL claim
26 predicated on underlying violations of the Labor Code. *See* Cal. Bus. & Prof. Code §
27 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be
28 commenced within four years after the cause of action accrued"); *Cortez v. Purolator*

17911190_1.doc

7
DEFENDANT'S NOTICE OF REMOVAL

*Air Filtration Products Co.,* 23 Cal.4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

24. If members of the putative class missed just one (1) meal ***or*** rest break per week during the 4-year statutory period, the total unpaid missed meal/rest period premiums is **$2,063,845.20** (185,932 workweeks x 1 missed meal or rest period per week x $11.10 average hourly rate).

25. <u>Waiting-time penalty liability</u>: Plaintiff alleges that "[D]efendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with <u>Labor Code</u> §§ 201 or 202." (Compl. ¶ 56.) Additionally, Plaintiff alleges "[D]efendants failure to pay Plaintiff and other members of the Late Pay Class all wages earned prior to termination in accordance with <u>Labor Code</u> §§ 201 and 202 was wilful [*sic*]." (*Id.* at ¶ 57.) Finally, Plaintiff alleges that "[p]ursuant to <u>Labor Code</u> § 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days." (*Id.* at ¶ 59.)

26. An employer may be liable for waiting-time penalties for any wages owed but not paid when the employment relationship ends. Waiting-time penalties are calculated by multiplying the employee's daily rate of pay by the number of days that the employee was not paid all wages owed after termination, up to a maximum of 30 days. *See Cal. Labor Code* § 203. Waiting-time penalties are properly considered in determining the amount in controversy. *See, e.g., Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982 (S.D. Cal. 2005).

27. A three (3)-year statutory period applies to Plaintiff's claim for waiting-time penalties under Labor Code Section 203. *See* Lab. Code § 203(b).

28. As noted above, there are 895 PCMs whose employment with G2 ended during the applicable 3-year statutory period. *See* Gostic Decl., ¶ 6. The average hourly rate for these former employees was $9.73 per hour. *Id.* Consequently, as of

the date of this removal, the total amount of potential waiting-time penalties is approximately **$2,090,004** (*i.e.*, $9.73 per hour x 8 hours x 30 days x 895 former employees).

29.  <u>Inaccurate wage statement penalty liability</u>:  Plaintiff alleges that "Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, pay due and owing for meal and rest break law violations and payment and hours worked that were not paid. Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements." (Compl. ¶ 67.)  Moreover, Plaintiff alleges that she and "other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of <u>Labor Code</u> § 226 occurred and $100 for each violation of <u>Labor Code</u> § 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee." (Compl. ¶ 70.)

30.  Penalties under Section 226 are properly considered in determining the amount in controversy. *See Saulic v. Symantec Corp.*, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff.").

31.  The statute of limitations period applicable to such penalties is one (1) year before the filing of a complaint. *See* California Code of Civil Procedure § 340.

32.  As noted above, G2 employed 2,031 PCMs during the 1-year statute of limitations period. *See* Gostic Decl., ¶ 7.  During this period, G2 issued 33,575 wage statements to PCMs. *Id.*  Consequently, as of the date of this removal, the total amount of potential wage statement penalties is **$3,255,950** (*i.e.*, (2,031 initial wage statements x $50 initial violation rate) + ((33,575-2,031=31,544) x $100 subsequent violation rate)).

33.  <u>Attorneys' fees</u>:  In the Complaint, Plaintiff seeks to recover attorneys'

fees. (Compl. ¶¶ 6, 24, 33, 38, 44, 51, 62, 71, and 76.) Attorneys' fees are properly included in the amount in controversy. *See, e.g.*, *Lowdermilk v. US Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) (holding that statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes). Here, although the amount in controversy is satisfied ***even without considering attorneys' fees***, the fact that Plaintiff seeks the recovery of fees only underscores the fact that the CAFA amount-in-controversy threshold is easily satisfied in this case.

34. The Ninth Circuit has established "25% of the common fund as a benchmark aware for attorney fees" in class action cases. *Hanlon v. Center for Auto Safety,* 150 F.3d 1011, 1029 (9th Cir. 1998). The 25% benchmark is properly considered in determining the amount of attorneys' fees in controversy. *See Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff). Using this 25% benchmark, the amount of attorneys' fees in controversy is at least **$1,852,449.80** (25% of the **$7,409,799.20** total amount in controversy for Plaintiff's claims for meal/rest premiums, waiting-time penalties, and wage statement penalties).

35. Even *excluding* attorneys' fees and potential exposure for unpaid minimum and/or overtime wages due to alleged unlawful rounding practices, the amount in controversy here easily satisfies the requisite $5 million for purposes of CAFA removal:

| **Damages** | **Amount** |
|---|---|
| Unpaid meal/rest premiums | **$2,063,845.20** |
| Waiting-time penalties | **$2,090,004** |

| | |
|---|---|
| Wage statement penalties | **$3,255,950** |
| **Total** | **$7,409,799.20** |

## IV. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

36. In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending.

37. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

38. In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by the Declaration of Julia A. Gostic, the attached Exhibits A and B, which are copies of all process, pleadings, and orders served on Defendant, and the attached Exhibit C, which is a copy of Defendant's Answer to the Complaint.

39. In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within 30 days after the effective service date of the Complaint on May 5, 2014.

40. In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via her counsel, and file a copy of that Notice with the Los Angeles County Superior Court.

41. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

///
///
///
///
///
///
///

## V. <u>CONCLUSION</u>

42. Because this civil action satisfies the requirements for removal under the Class Action Fairness Act, G2 respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: June 4, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Christian Keeney*
Allison C. Eckstrom
Christian Keeney
Attorneys for Defendant
G2 SECURE STAFF, L.L.C.