# EXHIBIT C

Allison C. Eckstrom, CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
Christian J. Keeney, CA Bar No. 269533
christian.keeney@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Defendant
G2 SECURE STAFF, L.L.C.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 03 2014

Sherri R. Carter, Executive Officer/Clerk
By: Robin Sanchez, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DEBRA L. MARSHALL, on behalf of herself and all other similarly situated, <br><br>Plaintiffs, <br><br>vs. <br><br>G2 SECURE STAFF, L.L.C., a Texas limited liability company; and DOES 1 through 100, Inclusive, <br><br>Defendants. | Case No. BC541579 <br><br>*[Assigned for All Purposes to: Hon. William F. Highberger, Dept. 307]* <br><br>**ANSWER OF DEFENDANT G2 SECURE STAFF, L.L.C. TO PLAINTIFF'S COMPLAINT** <br><br>Action Filed: April 3, 2014 <br>Trial Date: None Set |

Defendant G2 Secure Staff, L.L.C. ("Defendant") hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Debra L. Marshall ("") as follows:

## I. GENERAL AND SPECIFIC DENIALS

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint, and further denies that Plaintiff or the putative class of individuals she purports to represent has been damaged in any manner or amount at all..

## II. AFFIRMATIVE DEFENSES

Without admitting any of the purported facts alleged in the Complaint, Defendant hereby asserts and alleges the following separate and additional affirmative defenses, without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof with respect to any one or more of these defenses.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint is barred on the grounds and/or to the extent that Plaintiff agreed to arbitrate her claims on an individual basis.

### SECOND AFFIRMATIVE DEFENSE

2. The claims alleged in the Complaint are barred insofar as the Complaint fails to state a valid cause of action against Defendant upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

3. This lawsuit is inappropriate for class treatment, and Plaintiff is barred from maintaining a class action, on the following grounds: (1) joinder of the putative class members is not impracticable; (2) there are no relevant questions of fact or law common to all putative class members; (3) the claims and factual allegations raised in the Complaint are not "typical" of the experiences of the putative class members; (4) Plaintiff and counsel will not fairly and adequately protect the interests of the putative class members; (5) relevant facts common to the putative class members do not predominate over questions affecting only individual members of the putative class; (6) a class action is not superior to other methods available for the fair and efficient adjudication of the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

4. The claims alleged in the Complaint are barred, in whole or in part, to the extent Plaintiff and/or the putative class members failed to exhaust available remedies.

### FIFTH AFFIRMATIVE DEFENSE

5. The claims alleged in the Complaint are barred, in whole or in part, to the extent Plaintiff and/or the putative class members lack standing to assert some or all of the claims asserted.

### SIXTH AFFIRMATIVE DEFENSE

6. The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7. The penalties sought by the Complaint are barred because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code, the California Business and Professions Code, or any other law related to the matters alleged in the Complaint, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### EIGHTH AFFIRMATIVE DEFENSE

8. The cause of action brought under Cal. Bus. & Prof. Code §§ 17200, *et seq.* is barred insofar as it is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 7, of the Constitution of the State of California. Similarly, such claim is not appropriate for resolution on a representative basis and allowing such a representative claim would violate Due Process.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff lacks standing to bring a cause of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.* because her claims are individual in nature and no alleged act or omission of Defendant harmed or threatened to harm the public or the public interest, and because Plaintiff is

not currently employed by Defendant.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's cause of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as well as any other request for equitable relief, is barred because Plaintiff has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's cause of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.*, is barred because Defendant's actions were not unfair, fraudulent, nor likely to mislead; its conduct and dealings were lawful and carried out in good faith and for legitimate business purposes; and the benefits of the purportedly unlawful practices alleged by Plaintiff outweigh whatever harm or negative impact Plaintiff contends the practices caused.

### TWELFTH AFFIRMATIVE DEFENSE

12. The statutory damages sought by the Complaint are barred insofar as they would be disproportionate to the harm alleged, excessive, and would violate Defendant's Due Process rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Any attempt to require Defendant to locate, identify or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The claims alleged in the Complaint are barred, in whole or in part, and any recovery must be reduced, by virtue of Plaintiff's and the putative class members', failure to

exercise reasonable diligence or care to reasonably mitigate their alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The claims alleged in the Complaint are barred, in whole or in part, because such claims have been waived and/or released against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. The claims alleged in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations.

### NINTEENTH AFFIRMATIVE DEFENSE

19. Any recovery of meal or rest premium payments is barred because Plaintiff and the putative class members were authorized and permitted to take appropriate meal and rest periods, but freely chose to forego or waive such meal or rest periods; Defendant did not impede, discourage or dissuade Plaintiff or the putative class members from taking appropriate meal or rest periods.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Any recovery of allegedly unpaid wages is barred because Defendant reasonably relied on the accuracy of the time reporting information provided by Plaintiff and the putative class members and paid accurate wages for all such time.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The claims alleged in the Complaint are barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff and/or the putative class members.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff and the putative class members consented to and/or acquiesced in the alleged conduct by Defendant of which Plaintiff now complains.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff and the putative class members were provided timely, proper and complete payment of all wages

due.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The damages, if any, alleged by Plaintiff and the putative class were not proximately caused by any unlawful policy, custom, practice, or procedure promulgated or tolerated by Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The claims alleged in the Complaint are barred on the grounds that Plaintiff and the putative class were subject to exemptions and/or exclusions from the California wage and hour laws, including any applicable Wage Orders.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. The Complaint is barred on the grounds and/or to the extent that Plaintiff's causes of action are based on alleged *de minimis* violations.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's causes of action are barred on the grounds and/or to the extent that Plaintiff and/or members of the putative class previously settled or released any such causes of action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Damages, if any, sustained by Plaintiff and/or putative class members must be reduced under the equitable doctrine of setoff and recoupment to offset any extra payments or overpayments Plaintiff and/or putative class members received from Defendant or any obligations Plaintiff or putative class members owes to Defendant.

### RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

Because Plaintiff's Complaint is couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved. Defendant will move to amend its Answer, if necessary, to allege new affirmative defenses as they are ascertained or according to proof at time of trial.

WHEREFORE, Defendant prays as follows:

1. That the Court dismissed Plaintiff's Complaint with prejudice;

2. That the Court enter judgment for Defendant and against Plaintiff;

3. That the Court award Defendant its costs and attorneys' fees, including costs and attorneys' fees under *California Labor Code* § 218.5; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 2, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Allison C. Eckstrom
Christian Keeney

Attorneys for Defendant
G2 SECURE STAFF, L.L.C.

17911104.1

**PROOF OF SERVICE**
*Debra L. Marshall v. G2 Secure Staff, LLC, et al.*
Case No. BC541579

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 2, 2014, I served the following document(s):

**ANSWER OF DEFENDANT G2 SECURE STAFF, L.L.C. TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by LS Attorney Services LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 2, 2014, at Costa Mesa, California.

Michelle Maroney
Type or Print Name                                    Signature

**SERVICE LIST**

Michael Nourmand
James A. DeSario
Melissa M. Kurata
THE NOURMAND LAW FIRM, APC
1801 Century Park East, Suite 2600
Los Angeles, CA  90067
Tel:  (310) 553-3600
Fax: (310) 553-3603
*Attorneys for Plaintffs, DEBRA L. MARSHAL,*
*On behalf of herself and all others similarly situated*

2
PROOF OF SERVICE